# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Amanda Hull | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Jonathan Hull, | : | CIVIL CASE NO |
|     Defendant and Third Party Plaintiff | : | 3:17-cv-01472 (VAB) |
| | : | |
| v. | : | |
| | : | |
| Jon Martel et al. | : | |
|     Third Party Defendants. | : | |

**Ruling Dismissing the Case *Sua Sponte***

Jonathan L. Hull ("Defendant and Third Party Plaintiff") initiated this *pro se* action on August 31, 2017, filing to remove cases currently pending in Connecticut State Court and a motion to proceed *in forma pauperis*. This case is **DISMISSED** and all other pending motions are therefore **DENIED** as moot.

Mr. Hull filed this action *pro se*, seeking removal of pending state court actions relating to his marriage to Amanda Hull, one of the defendants, and custody of their children. Notice of Removal, ECF Nos. 1-3. He subsequently filed a motion for leave to proceed *in forma pauperis* Mot. to Proceed *In Forma Pauperis*, ECF No. 5, and a motion to seal the case, requesting the case be sealed because it contained "sensitive and confidential information of minors." First Mot. to Seal, ECF No. 4. Additionally, Mr. Hull sought a temporary restraining order on September 1, 2017, stating only that "all parties preserve all evidence, including emails." First Mot. for Temporary Restraining Order, ECF No. 10.

On September 1, 2017, he also filed a third-party complaint against eight individuals and one organization[1] alleging that they had "collectively and separately violated" twelve different federal statutes. He also alleged that defendants had violated several state statutes and "general child abduction and kidnapping laws, and First Degree Custodial Interference and Second Degree Custodial Interference, and Conspiracy to Interfere with Custodial Relations." First Third Party Compl., ECF No. 11 at 2. He alleged that "[a]ll parties have actively or passively participated in the violation of the above-referenced statutes" and therefore sought $1,000 and "emotional damages." *Id.* Attached to the Third-Party Complaint, but without explanation, were a motion for sanctions, a motion for review of denial of motion to remove guardian ad litem, and a motion for review. First Third Party Compl., ECF No. 11, Ex. 1-5. Each of these motions appears to be from the underlying state court case addressed in the Notice of Removal. In addition, Mr. Hull sought a second temporary restraining order in order to prevent parties in this case from conferring with parties in two other matters he recently filed with the court.[2] Second Mot. For Temporary Restraining Order, ECF No. 12.

On September 4, 2017, Mr. Hull filed a motion for criminal contempt and a motion for a preliminary injunction. Mot. for Crim. Contempt, ECF No. 15; Mot. for Preliminary. Injunction, ECF No. 16. In seeking a preliminary injunction, Mr. Hull alleged that Defendants had prevented him from communicating with his children following a custody dispute and he therefore sought the injunction to "establish[] joint-custody rights, including the rights to see and speak with his

---

[1] These are as follows: Julie Burt, David Coughlin, Justine Rakick-Kelly, the Children's Law Center, John Carbonneau, Lisa Morgan, Holly Abery-Westone, Jon Martel, and Karen Martel. On September 4, 2017, he filed the same document under a separate header, labelling it as a Third Party Complaint against Barry Pinkus. First Third Party Compl. Against Barry Pinkus, ECF No. 14.

[2] These matters are *Hull v. Ponzani et al.*, 3:17-cv-01473-VAB (D.Conn, filed Sept. 1, 2017) and *Hull v. Ponzani et al.*, 3:17-cv-01475-VAB (D.Conn, filed Sept. 1, 2017).

children in a manner consistent with joint custody." Mot. for Preliminary Injunction, ECF No. 16 at 3.

## Discussion

When a party files an application to proceed *in forma pauperis*, a court must engage in a two-step process of review. *See Bey v. Syracuse University*, 155 F.R.D. 413, 413 (N.D.N.Y. 1994). First, a court must determine whether the litigant qualifies to proceed *in forma pauperis* based on his or her economic status. 28 U.S.C § 1915. Second, a court must determine whether the cause of action is without merit. 28 U.S.C. § 1915(e)(2)(B). A court must dismiss the case if, "at any time" it determines the action is "frivolous or malicious"[3] or "fails to state a claim on which relief may be granted." *Id.* at § 1915(e)(2).

When a plaintiff appears *pro se*, the complaint must be liberally construed in the plaintiff's favor and must be held to a less stringent standard than formal pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "The power to dismiss *sua sponte* must be reserved for cases in which a *pro se* complaint is so frivolous that, construing the complaint under the liberal rules applicable to *pro se* complaints, it is unmistakably clear that the court lacks jurisdiction or that the claims are lacking in merit." *Mendlow v. Seven Locks Facility*, 86 F. Supp. 2d 55, 57 (D. Conn. 2000).

After a careful review of the Notice of Removal, Third Party Complaints, and the related motion filings, the Court finds Mr. Hull's claims must be dismissed. *See* 28 U.S.C. § 1915(e)(2); *Fitzgerald v. First East Seventh Street Tenants Corp. et al*, 221 F.3d 362, 363 (2d Cir. 2000) (noting that dismissal is mandatory for frivolous claims under 28 U.S.C. §1915(e)(2)). First,

---

[3] The term "frivolous" is not intended to be insulting or demeaning; it is a term of art that has a precise meaning. A claim is said to be frivolous if it does not have an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

despite its careful review and liberally construing the pleadings as required, the Court is unable to identify any factual allegations that would state a recognized cause of action against the plaintiffs or third-party defendants. Second, the pleadings are vague and merely cite federal or state statutes without any further explanation. As this Court has previously held, pleadings that are "fatally vague, ambiguous, or otherwise unintelligible" are properly subject to dismissal as "frivolous." *Gonzalez v. Ocwen Home Loan Servicing*, 74 F. Supp. 3d 504, 520 (D. Conn. 2015), *reconsideration denied*, No. 3:14-CV-53 (CSH), 2015 WL 2124365 (D. Conn. May 6, 2015), and *aff'd sub nom. Gonzalez v. Deutsche Bank Nat. Trust Co.*, 632 F. App'x 32 (2d Cir. 2016).

This case therefore is **DISMISSED**. The Clerk of the Court is directed to enter judgment for Defendant and close this case.

SO ORDERED at Bridgeport, Connecticut, this **6th** day of September, 2017.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge